O’Neill, J.
The journalized stipulation of June 30, 1959, entered into by the parties to this case, was designed and intended to accomplish three purposes: (1) To make certain that the fee of the referee which was to be taxed as costs in the case should be paid by requiring a cash deposit with the clerk of courts, (2) to require the party appealing this case to deposit sufficient additional cash to cover the entire fee of the referee, and (3) to permit the party not appealing to have a refund of the amount of cash which he had deposited in the lower court to cover his share of the referee’s fee.
The intended purposes of the journalized stipulation were carried out and accomplished as follows: (1) There was in the hands of the clerk of courts a sufficient cash deposit to guarantee payment of the referee’s fee, (2) the appellants in the case had deposited sufficient cash to meet that required by the court to cover a refund of the cash deposit to the appellees, and (3) the appellees have withdrawn the cash deposits which they made in the lower court to guarantee payment of the referee’s fee.
All the intents and purposes of the journalized stipulation having been carried out and the appellees, having had their money refunded, now attempt, by motion, to have the appeal dismissed on the technical ground that the cash deposit required of the appellants by the stipulation, even though it was made within the time provided by the statute for taking an appeal, was not made prior to the filing of the notice of appeal.
In support of their position appellees cite several cases involving agreements made between parties not to appeal or to waive the right of appeal.
This case does not involve an agreement not to take an appeal or an agreement to waive the right to appeal. The agreement in this case was for the purpose of guaranteeing the payment of the referee’s fee by the requirement of an advance cash deposit with the clerk of courts to cover said fee, the cash deposit to be provided equally by the three principal parties to the case in the lower court. On appeal, however, the burden to guarantee, by the cash deposit, payment of the referee’s fee was to be borne entirely by the appellants, and the appellees were to have the portion they provided in the lower court refunded in its entirety.
*494 The stipulation provides that “parties who may appeal * * * must and shall, in addition to posting appeal bond, and as a condition precedent to such appeal, make an advance cash deposit of costs.”
Section 2505.07, Revised Code, provides that an appeal to the Court of Appeals shall be perfected within 20 days.
Section 2505.06, Revised Code, provides:
“Except as provided in Section 2505.12 of the Revised Code, no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions provided in Sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed." (Emphasis supplied.)
That section of the Revised Code clearly provides that the appeal bond can be filed at any time within the 20 days allowed by the statute for taking an appeal. The stipulation clearly provides that the advance deposit for costs shall be made as a condition precedent to such appeal.
The time allowed for taking an appeal is 20 days. The advance deposit for costs was made within the 20 days allowed by the statute. The notice of appeal, filed one day before the advance deposit for costs was made, was “yelling” for this deposit to be made in order to validate the appeal.
Both the notice of appeal and the advance deposit for costs having been made within the time allowed by statute for taking an appeal, which we deem a compliance with the requirement of the stipulation, the position of the appellees that the advance deposit for costs must be made at least one instant before the notice of appeal is filed is too technical. That argument would require the appellants to make certain that the clerk of courts stamped the filing of the advance deposit for costs prior to the notice of appeal, if both were filed simultaneously, or would require the appellants to withdraw their notice of appeal, submit their advance deposit for costs, and resubmit for stamping their notice of appeal. This is so technical that it becomes absurd.
All the requirements of the stipulation have been met in this case within the time allowed by the statute for taking an *495 appeal and in conformance to the language of the stipulation. The appellees should not be permitted to thwart the right of appeal on supertechnical grounds.
Accordingly, the judgment of the Court of Appeals is reversed.

Judgment reversed.

Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.